**RECEIVED**
IN LAKE CHARLES, LA.

**JUN 13 2012**

TONY R. MOORE, CLERK
BY_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JAMES L. LANGLEY, ET AL. | : | DOCKET NO. 2:11 CV 2115 |
| VS. | : | JUDGE MINALDI |
| SUNBELT RENTALS, INC., ET AL. | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is a Motion to Dismiss for Failure to State a Claim [Doc. 23], filed by

the defendant, F. Miller Construction, L.L.C. ("FMC"). The motion is unopposed.

## BACKGROUND

This lawsuit arises out of an accident that allegedly occurred on December 4, 2010 at

FMC's plant in Sulphur, Louisiana, where the plaintiff, James Langley, was working for his

employer, Jerry's Machine Shop & Fabrication, Inc. ("Jerry's").[1] The plaintiffs allege that a

boom lift manufactured by JLG Industries ("JLG"), owned by Sunbelt Rentals, Inc. ("Sunbelt"),

and operated by another Jerry's employee ran over Mr. Langley's left leg while he was kneeling

on the ground measuring angle iron.[2]   According to the Petition, Mr. Langley failed to notice the

lift because an alarm on the equipment malfunctioned.[3]

The plaintiffs allege that FMC caused Mr. Langley's injuries by (1) failing to keep its

equipment in proper working condition, (2) failing to train its employees to catch malfunctions in

---

[1] Notice of Removal Ex. 1, State Court Petition ¶ 5 [Doc. 1-2].

[2] *Id.* ¶¶ 6-8.

[3] *Id.* ¶ 9.

machines before renting them, (3) failing to use reasonable care and caution in inspecting equipment for rental, and (4) other acts of negligence which may be found during discovery.[4] FMC now moves to dismiss all claims against it for failure to state a claim upon which relief may be granted.

**RULE 12(b)(6) STANDARD**

A motion filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the sufficiency of a plaintiff's allegations. FED. R. CIV. P. 12(b)(6). When ruling on a 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and construes all reasonable inferences in a light most favorable to the plaintiff or nonmoving party. *Gogreve v. Downtown Develop. Dist.*, 426 F. Supp.2d 383, 388 (E.D. La. 2006).

To avoid dismissal under a Rule 12(b)(6) motion, a plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965. Accordingly, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

**ANALYSIS**

The plaintiffs' complaint fails to state a plausible claim for relief against FMC. In order to prevail on a claim for negligence under Louisiana law, a plaintiff must prove five elements: (1) that the defendant had a duty to conform his conduct to a specific standard, (2) that the defendant's conduct failed to conform to the appropriate standard, (3) that the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries, (4) that the defendant's

---

[4] *Id.* ¶ 12.

substandard conduct was a legal cause of the plaintiff's injuries, and (5) actual damages. *Long v. State*, 04-485, pp. 38-39 (La. 6/29/05); 916 So. 2d 87, 101.

The plaintiffs in this case have failed to allege any facts establishing that FMC caused their injuries or that it breached any duty it owed to them.  Their petition states that FMC is liable for failing to inspect and maintain its rental equipment; however, they do not allege that FMC had any control over the rental equipment that allegedly caused Mr. Langley's injuries. Moreover, the plaintiffs fail to allege any relationship between FMC and the entities they believe to have controlled the boom lift that would give rise to vicarious liability on the part of FMC. Finally, although the petition states that FMC might be liable for "other acts of negligence known only to [FMC] which may be found during discovery, "[i]t is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process." *Twombly*, 550 U.S. at 559.  Accordingly, FMC's Motion to Dismiss will be granted.

Lake Charles, Louisiana, this __3.__ day of ___June___ 2012.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE